# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 18, 2012 Session

## STATE OF TENNESSEE v. JEFFREY WADE OSBORNE

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-CR014649     Timothy Easter, Judge**

---

**No. M2010-02349-CCA-R3-CD - Filed April 30, 2012**

---

Defendant-Appellant, Jeffrey Wade Osborne, was convicted after a bench trial for failure to appear, a Class E felony. He was sentenced to five years in the Tennessee Department of Correction as a Range III, persistent offender. On appeal, Osborne argues that the trial court erred by (1) denying his motion for judgment of acquittal at the conclusion of the State's proof, (2) relying on evidence that was not introduced at trial, namely Osborne's signature on a form waiving his right to a jury trial, and (3) allowing the case to proceed to trial before the completion of a mental evaluation assessing Osborne's diminished capacity at the time of the offense. Upon review, we affirm the judgment of the trial court.[1]

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined and JERRY L. SMITH, J., (not participating).

William P. Holloway (on appeal) and Sandra L. Wells (at trial), Franklin, Tennessee, for the Defendant-Appellant, Jeffrey Wade Osborne.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Kim R. Helper, District Attorney General and Kate Yeager, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background.** Osborne was indicted for failure to appear at an August 6, 2009 court date related to a pending charge of domestic assault. At the outset of trial, Osborne waived

---

[1]This case constitutes one of three cases which Osborne appealed and which this court heard at the January 18, 2012 session in Nashville. We note this simply to avoid any confusion that might arise from the fact that we file distinct opinions in these cases, two of which raise similar issues.

his right to a jury trial in a signed writing, which was included in the record on appeal. Upon receiving the waiver, the trial court placed Osborne under oath and questioned him regarding the knowing and voluntary nature of the waiver. During this questioning, the trial court asked Osborne whether the signature on the waiver was his, to which Osborne responded affirmatively.

Linda Kincaid, a court clerk, testified that Osborne was released on bond on July 26, 2009. The bond document, admitted as exhibit 1 at trial, indicated that Osborne's next court date was August 6, 2009, and a signature purporting to be Osborne's appeared on the document. Kincaid reviewed the August 6, 2009 General Sessions docket, on which it was marked that Osborne was not present in court. A copy of the docket was admitted as an exhibit at trial. On cross-examination, Kincaid testified that she did not know whether anyone gave Osborne a copy of the bond document listing the August 6, 2009 court date.

Colonel Hugh DuPree testified that he was responsible for calling the relevant docket on August 6, 2009. Osborne did not respond when his name was called at least three different times during court that day.

At the close of the State's proof, Osborne moved for a judgment of acquittal. The court denied the motion, and Osborne testified in his defense. He said that he did not go to court on August 6, 2009. He had been "on the run" since before August 1, and he decided not to go to court because he suspected he would be sent to jail. Osborne was expecting a payment, and he wanted to stay out of jail long enough to receive the payment so that his family would have money on which to live while he was in jail. He intended to turn himself in once he received the payment. Osborne testified that he was not aware he was supposed to be in court on August 6. He reviewed the bond document, which was previously admitted as exhibit 1, and testified that the signature "kind of look[ed] like [his own], but [he did not] know for sure."

After the close of all the proof, the trial court found Osborne guilty of failure to appear. It stated, "[I]n this case . . . the issue was did he have notice and I find that the evidence before the Court is beyond a reasonable doubt that he did have notice to appear on August the 6th." The trial court relied in part on a comparison of the signatures on the waiver of jury trial document and the bond document. The court stated, "I can't ignore [that the record] includes defendant's [jury trial waiver] which he testified earlier under oath he signed. The signature on this [waiver] and the signature on this document that's been marked Exhibit 1 . . . it's identical. That's his signature." This timely appeal followed.

**I. Motion for Judgment of Acquittal.** Osborne argues that the trial court erred by denying his motion for judgment of acquittal at the close of the State's proof. The State

responds that Osborne waived this issue by presenting proof in defense at trial. We agree with the State.

In order to preserve for appeal a denial of a motion for judgment of acquittal at the close of the State's proof, a defendant must stand on the motion and decline to present any proof. Mathis v. State, 590 S.W.2d 449, 453 (Tenn. 1979). If the defendant fails to do so, the issue is waived on appeal. Id. Here, the record clearly reflects that Osborne did not stand on his motion for judgment of acquittal. Rather, he testified in his own defense. Consequently, as Osborne conceded at oral argument, this issue is waived.

**II. Evidence Not Introduced at Trial.** Osborne argues that the trial court erred when it compared the signatures on the jury trial waiver and the bond document to find that Osborne had notice of his court date. He asserts that in considering the jury trial waiver, the trial court relied on evidence not introduced during trial and thereby denied him an opportunity to rebut the signature evidence. The State responds that Osborne has waived this argument based on a failure to object to the trial court's consideration of the jury trial waiver. We agree with the State.

Waiver is appropriate based on Osborne's failure to make a contemporaneous objection. Rule 36(a) states that appellate relief is typically not available when a party has "failed to take whatever action was reasonably available to prevent or nullify the harmful effect of any error." Tenn. R. App. P. 36(a); see also Tenn. R. Evid. 103(a)(1) (requiring a timely objection as a prerequisite to a finding of error based on the trial court's admission of evidence); State v. Smith, 24 S.W.3d 274, 279-80 (Tenn. 2000) (holding that a failure to object to otherwise inadmissible evidence renders the evidence admissible). The record shows that Osborne failed to object when the court considered Osborne's signature on the jury trial waiver and compared it to the signature on the bond document admitted at trial. This failure prevented the court from correcting the harmful effect of any alleged error. Furthermore, to the extent that the trial court's reliance on the jury trial waiver was an act of judicial notice, Osborne's failure to object or request a hearing on the matter precludes relief. See Tenn. R. Evid. 201(e) ("A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed."); see also State v. Benjamin S. Huffman, Jr., No. M2007-02103-CCA-R3-CD, 2009 WL 1349223, at *9-10 (Tenn. Crim. App., at Nashville, May 14, 2009) (upholding the trial court's taking judicial notice of a document included in court file based, in part, on the defendant's failure to object). Accordingly, this issue is waived.

**III. Mental Evaluation.** Osborne argues that the trial court erred in conducting trial before a doctor had assessed his mental capacity at the time he committed the offense of failure to appear. The State responds that Osborne waived this argument by failing to raise the issue before trial. We agree with the State.

The record reflects that while Osborne's case was pending in General Sessions, the court ordered a forensic evaluation to assess whether Osborne was competent to stand trial, whether he was legally insane at the time of the offense, and whether he "lacked the requisite mental intent to commit the offenses charged through any diminished capacity." Dr. Jorge Boero later informed the court by letter that he had examined Osborne. Dr. Boero determined that Osborne was competent to stand trial and that a defense of insanity could not be supported. Regarding diminished capacity, however, Dr. Boero could not reach a conclusion. He wrote:

> I have been unable to find out the required culpable mental states for the charge of Failure to Appear, and will be glad to express an opinion if someone would provide the information to me. Thus, I am not addressing the issue of diminished capacity with regards to this charge.

We conclude that Osborne has waived this issue based on a failure to raise it prior to trial. Although Dr. Boero did not assess Osborne's diminished capacity and thereby did not fully comply with the court's instructions regarding the evaluation of Osborne, this lapse could have been corrected before trial had Osborne raised it. See Tenn. R. App. P. 36(a) (requiring a party to take reasonably available action to prevent harmful effect of error); cf. State v. Estes, 655 S.W.2d 179, 182 (Tenn. Crim. App. 1983) (finding waiver, based on Rule 36(a), of a claim that the defendant was incompetent to stand trial when the defendant obtained a competency evaluation but did not seek a competency hearing before trial). Waiver is especially appropriate where, as here, the incomplete portion of the evaluation pertained only to evidence of diminished capacity, evidence which a defendant may marshal to negate the State's proof of a culpable mental state. See, e.g., State v. Hall, 958 S.W.2d 679, 688-90 (Tenn. 1997) (reviewing the role of diminished capacity evidence at trial). If Dr. Boero's assessment of diminished capacity would have been favorable to Osborne's trial strategy, he could have sought further evaluation from Dr. Boero. Neither the State nor the trial court bore the responsibility of procuring this evidence for Osborne, contrary to his arguments on appeal. As a result, Osborne has waived this claim.

## CONCLUSION

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE

-4-